IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL BAKER, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:16-cv-00447-RK |
| v. ) | |
| ) | |
| **ANYTIME LABOR-KANSAS, LLC** ) | |
| **d/b/a LABORMAX STAFFING, et al.,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS ANYTIME LABOR-FUNDING, LLC, ANYTIME LABOR-SPRINGFIELD, LLC AND ANYTIME LABOR-LAS VEGAS, INC.**

COME NOW, Plaintiffs Michael Baker and Frances Lugo, collectively ("Plaintiffs"), and hereby submit their Suggestions in Opposition to Defendants Anytime Labor-Kansas, LLC, d/b/a LaborMax Staffing ("ALK"); Anytime Labor-Funding, LLC, d/b/a LaborMax Staffing ("ALF"); Anytime Labor-Springfield, LLC, d/b/a LaborMax Staffing ("ALS"); Anytime Labor-Las Vegas, Inc., d/b/a LaborMax Staffing's ("ALLV"), (collectively "Defendants"), Joint Motion to Dismiss Defendants ALF, ALS and ALLV (Doc 17):

I. **Background**

In this case, allege that together, Defendants violated 29 U.S.C. § 623 et seq. ("the ADEA") and Mo. Rev. Stat. § 213.010 et seq. ("the MHRA"). Plaintiffs' Complaint avers that Defendants are "employers" within the meaning of the ADEA and MHRA and that Defendants make up a single enterprise. Defendants move to dismiss Defendants ALF, ALS and ALLV for failure to state a claim upon which relief can be granted.

II. **Arguments and Authorities**

### A. Motion to Dismiss 12(b)(6) Standard

The pleading standard created by Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint does not need detailed factual allegations, but merely enough to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964 (2007). In ruling on a motion to dismiss, the Court must accept all of the complaint's factual allegations as true, and draw all reasonable inferences from those facts in the Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir.2009); *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir.2008) ("The court must… view [all factual allegations] in the light most favorable to the Plaintiff.").

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a 12(b)(6) Motion to Dismiss, the Court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted).

### B. Plaintiffs' Complaint Pleads Facts of Which Allow the Court to Draw Reasonable Inferences that Defendants Are Employers Within the MHRA.

An entity is considered an employer when it directly acts in the interest of an employer-in-fact. *Diaz v. Autozoners*, LLC, et al., 484 S.W.3d 64, 80 (Mo. Ct. App. 2015); MO. REV. STAT.

2

§213.010(7) ("Employer includes the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include corporations and associations owned and operated by religious or sectarian groups."). "Person" includes both natural persons and business entities such as corporations, partnerships, associations, and other organizations. MO. REV. STAT. §213.010(7). To determine whether an entity is considered an employer under the MHRA, "the court should consider the following factors: (1) who was responsible for establishing policies and training employees concerning harassment; (2) who was responsible for receiving, investigating, and responding to harassment complaints; and (3) who had the power to discipline employees who may have failed to comply with anti-harassment policies." *Diaz,* 484 S.W.3d at 80. An allegation that a defendant was responsible for an unwritten rule of non-enforcement of the anti-harassment policy when the alleged harassers were customers of the business can be characterized as having an oversight or involvement in the discrimination. *Id*. at 81 (noting such allegation suggests the defendant was responsible for policies and training, as well as receipt, investigation, and responding to complaints).

Defendant ALF represents Defendants' Corporate Office, located at 971 Premier Drive, P.O. Box 900, Kearney, Missouri. (Exhibit 4 & 12). Kearney, Missouri is located in Clay County. Amy Flowers is District Manager of Defendants' offices in Kansas, Missouri, Nebraska and North Dakota. (Doc 6 ¶51). In their Complaint, Plaintiffs allege that discriminatory policies were created and enforced from Defendants' Corporate Office in Missouri. Plaintiffs also allege that from its office in Missouri, Defendant ALF affirmatively initiated and directed discriminatory conduct which was ultimately carried out by Defendants ALK, ALS, and ALLV. Because Defendant ALF directly oversaw and was actively involved in the discrimination,

3

Defendants are employers under the MHRA. For example, Defendants would place temporary workers with customers, and Defendants' customers would order or dismiss temporary words by directly or indirectly discriminating against a temporary workers' age. (Doc 6 ¶53). Plaintiffs' Complaint alleges that Defendant ALF had a policy to abide by customer's requests even if the customer's requests were discriminatory. (Doc 6 ¶56). By Defendant ALF's District Manager, Amy Flowers, communicating from Clay County, Missouri this policy to Defendants' Branch Managers, Defendant ALF trained Defendants' employees on discrimination policies. *Id.* Likewise, Defendant ALF, through Amy Flowers, instructed Defendants' Branch Managers that: 1) it was not in Defendants' best interest to dispatch a worker that is in the fifty (50) to sixty (60) year old range when the job entailed constant moving, twisting and lifting; 2) that usually fifty (50) to sixty (60) year olds are not able to withstand most of the jobs Defendants have because their bodies cannot handle the type of work of constant twisting, turning and heaving lifting normally; 3) that if a fifty (50) to sixty (60) year old worker files a workers' compensation claim, when a doctor does an x-ray on the worker, the doctor will find more problems on a fifty (50) to sixty (60) year old than the doctor would on a younger worker; 4) that whether a fifty (50) to sixty (60) year old's injury was caused by the work process or not, a judge can determine the prevailing factor was the work process and the workers' arthritis becomes Defendants' problem. (Doc 6 ¶57-60). Again, by communicating from Clay County, Missouri this policy to Defendants' Branch Managers, Defendant ALF trained Defendants' employees on discrimination policies. *Id.*

When Plaintiffs' factual allegations are taken as true, there is a reasonable inference that Defendant ALF developed the above discriminatory policies and trained employees on such policies when Defendant ALF communicated and instructed Defendants' Branch Managers on

such policies. Like the allegation in the *Diaz,* articulating that a defendant was responsible for an unwritten rule of non-enforcement of the anti-harassment policy when the alleged harassers were customers of the business, the allegation here that Defendant ALF was responsible for the policy to abide by customer's requests even if the customer's requests were discriminatory can be characterized as having an oversight or involvement in the discrimination.[1]

Additionally, because Defendants' Branch Managers were instructed to not accept service of any legal documents and instead refer all such service of documents to the corporate office at P.O. Box 900, Kearney, MO 64060, a reasonable inference supports that Defendant ALF was responsible for receiving, investigating, and responding to harassment complaints. (Exhibit 8). Taking the fact that Amy Flowers was Defendant ALF's District Manager as true, a reasonable inference drawn in the light most favorable to the plaintiffs is that she had the power to discipline employees who have failed to comply with policies.

Because Defendant AFL oversaw and was directly involved in the discriminatory acts taken against Plaintiffs, Defendants are employers under the MHRA. Nonetheless, because Plaintiffs pled: 1) Plaintiffs were employees of Defendants within the meaning of the MHRA; 2) Defendants were employers within the meaning of the MHRA; 3) Defendants were a part of a single integrated enterprise, when the pleadings are taken as true and inferences are drawn in favor of Plaintiffs, Count I should not be dismissed because Defendants are employers of Plaintiffs under the MHRA and the MHRA applies. (Doc 6 ¶9, 11 & 21).

---

[1] In *Diaz, the* court held that because the allegation was not supported by the evidence at trial to connect the defendant to the allegation, the defendant was not the plaintiff's employer. 484 S.W.3d at 81. Because in a 12(b)(6) Motion to Dismiss the allegations in the complaint must be taken as true and reasonable inference drawn the plaintiff's favor, sufficiency of the evidence is not currently at issue here as it was in the *Diaz* case. Notably, unlike Defendants ALF, the defendant in Diaz was a mere holding company not overseeing or involved in the discrimination.

5

Overall, when Plaintiffs allegations are taken as true and drawn in the light most favorable to Plaintiffs, Plaintiffs have sufficiently pled that Defendants are employers to sustain a cause of action under the MHRA.

C. **Notwithstanding the Sufficiency of Plaintiffs' Complaint, Defendants Failed to Timely Object to the MHRC's Determination of Jurisdiction in This Action.**

An employer must object to the Missouri Commission on Human Rights' ("MCHR") determination of jurisdiction and issuance of a right-to-sue notice within thirty days or the employer's argument is waived. *Farrow v. Saint Francis Medical Center,* 407 S.3d 579, 589-90 (Mo. 2013) (allowing an employee to proceed with an MHRA lawsuit based on an untimely or other improperly filed charge of discrimination if the employer fails to object to the charge before the MCHR and fails to seek judicial review of the MCHR's authority to issue the right-to-sue notice).[2] The MCHR's issuance of the right to sue letter means it implicitly finds it has jurisdictions over the claims. *Id.* After the filing of a complaint, the MCHR's executive director shall investigate promptly the complaint. *Id.*; MO. REV. STAT. §213.075.3. Because the MCHR is directed "to dismiss or close a complaint at any stage for lack of jurisdiction or in the absence of any remedy available to the complainant ,… the [MCHR] was required to determine its own jurisdiction even if it did not make a decision on the merits of [the] claim." *Id.;* 8 C.S.R. 60-2.025(7)(B). If the MCHR lacks the authority to issue the right to sue letter, the MCHR's "…only option would be to close the complaint for lack of jurisdiction or the absence of any remedy." *Id.* "The interpretation and construction of a statute by an agency charged with its administrations is entitled to great weight.*" Id.*[3] (quoting *Mercy Hospitals East Communities v.*

---

[2] Notably, the *Farrow* Court rejected the traditional practice of allowing employers to raise arguments attacking the MCHR's jurisdiction as affirmative defenses to an MHRA lawsuit.

[3] The defendant challenged the MCHR's jurisdiction over defendant arguing defendant did not meeting the definition of an employer under the MHRA because the defendant claimed it was a religious group. The Court held that the MCHR exercised its properly delegated authority to interpret the statue and regulations.

6

*Missouri Health Facilities Review Comm.*, 362 S.W.3d 415, 417 (Mo. Banc 2012)). The [MCHR's] regulations relating to the MHRA are 'entitled to a presumption of validity' and 'should not be judicially invalidated expect for weighty reasons and are to be sustained unless unreasonably and plainly inconsistent with the [statutes]." *Id.* quoting *State ex rel. Missouri Public Defender Com'n v. Waters*, 370 S.W.3d 592, 602 (Mo. banc 2012); *Utility Serv. Co., Inc. v. Labor and Indus. Relations,* 331 S.W.3d 654, 659 (Mo. banc 2011).

On or about May 2, 2016, the MCHR issued to Plaintiff Baker a Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the MCHR Notice of Right to Sue. (Doc 6 ¶45). On or about April 22, 2016, the MCHR issued to Plaintiff Lugo a Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the MCHR Notice of Right to Sue. (Doc 6 ¶48). Because the MCHR issued Plaintiffs Notices of Right to Sue against each Defendant, the MCHR implicitly found it had jurisdictions over the claims otherwise the MCHR would have closed the complaints for lack of jurisdiction or the absence of any remedy. Defendants did not challenge the issuance of Plaintiff's MCHR Notices of Right to Sue within thirty days of their issuances, therefore, Defendants' argument that Defendants are not employers under the MHRA is waived.

When the MCHR issued the Notices of Right to Sues to Plaintiffs, the MCHR had a duty to investigate whether Defendants were employers under the MHRA definition found in M O. R EV. S TAT. §213.010(7). The MCHR's would have dismissed Plaintiffs' charges for lack of jurisdiction or other available remedy if Defendants did not meet the employer definition under the MHRA. Because the MCHR's interpretation of a statute is entitled to great weight, the MCHR's issuance of Notices of Right to Sues to Plaintiffs means the MCHR determined it had jurisdiction over Defendants as employers under the MHRA. Defendants chance to argue that

7

they do not meet the definition of employer under the MHRA, based upon the MCHR's interpretation of the statute, were waived when they failed to challenge the MCHR's jurisdiction within thirty days. Not only did the MCHR determine Defendants were all Plaintiff's employers under the MHRA, but the Defendants have waived any argument otherwise. Because Plaintiffs' Charges of Discrimination and of Right to Sue were attached as exhibits to Plaintiffs' complaint Plaintiffs gave Defendants fair notice that Defendants were all Plaintiffs' employers and the grounds upon which such claims rests going beyond mere legal conclusions. Therefore, Defendants ALF, ALS and ALLV should not be dismissed.

> **D.** **Plaintiffs' Complaint Pleads Facts of Which Allow the Court to Draw Reasonable Inferences that Defendants Are Employers Within the ADEA.**

The single entity analysis consists of four factors: "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control." *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 392 (8th Cir. 1977). As factors, no one of these four are controlling, and none are dispositive. *Id.* (citing *National Labor Relations v. Welcome-American Fertilizer Co.,* 443 F.2d 19 (9th Cir. 1971).

Defendants argue that Plaintiffs' only employer was Defendant ALK. However, because Defendants are single entities, Defendants ALF, ALS and ALLV are all employers within the ADEA as pled and supported by public record. (Doc 1 ¶21 & 22).

> **i.** **Interrelation of Operations**

Interrelation is shown when the same locations being listed for each respective business. *Walton v. Edge Medical Professional Services, LLC,* 442 F. Supp 2d 731, 749 (W.D. Mo. 2006).

Defendants all have the same principal office at 971 Premier Drive, Kearney, Clay County, Missouri and operate as a single integrated enterprise. (Doc 1 ¶13, 15, 17 and 19; Exhibits 3-6). It can reasonable be inferred Defendants have an interrelation of operations.

### ii. Common Management

Common management means having the "channels of management authority of both companies leading to the same person. *Scheidecker,* 122 F. Supp. 2d at 1038. Common management can be shown by similarity in the top people in the organization who managed the day-to-day operations. *Walton*, 442 F. Supp 2d at 751-52.

Amy Flowers is District Manager of Defendants' offices in Kansas, Missouri, Nebraska and North Dakota. (Doc 1 ¶51). Defendant ALLV lists Michael Ingham as the President and Board of Director. (Exhibit 6). Likewise, Michael Ingham is the Managing Member of Defendant ALK. (Exhibit 11). As to Defendants ALS and ALK, Michael Ingham is listed as the individual to receive mail. (Exhibit 3 & 5). Because Michael Ingham receives the mail for Defendant ALS and ALK, Michael Ingham is clearly involved in managing their business affairs. The channels of management authority and day-to-day operations for Defendants all lead to Amy Flowers and Michael Ingham. When allegations are taken as true and viewed and the light most favorable to Plaintiff, Defendants had common management.

### iii. Centralized Control

For centralized control of labor relations, the questions become which entity made the final decisions regarding employment matters. *Scheidecker*, 122 F. Supp. 2d at 1038-39.

With the same principal office in Clay County, Missouri, it can reasonably be inferred that Defendants have a centralized control of labor relations in Clay County, Missouri. (Doc 1 ¶13, 15, 17 and 19; Exhibits 3-6). Likewise, final decisions regarding employment policies were made in Clay County, Missouri supporting that Defendants have the same centralized control of labor relations in Clay County, Missouri. (Doc 1 ¶53-60).

### iv. Common Ownership

Common ownership will be met by a showing of similar ownership. *Scheidecke*r, 122 F. Supp. 2d at 1038-39.

Defendant ALF lists Michael Ingham as a member on its filings with Missouri's Secretary of State. (Exhibit 4). Defendant ALK and ALS list Michael Ingham as a member who owns five percent or more of capital. (Exhibit 3 & 5). Defendant ALK also admits Michael Ingham is its managing member. (Exhibit 11).

Overall, Plaintiffs' pleadings and public record support that Defendants are single entities and employers within the ADEA.

### E. Alternatively, Plaintiffs Request the Court Grant Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint for Damages.

Where an amendment is not sought as a matter of course, "a party may amend its pleading only with opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Alternatively, Plaintiffs respectfully request this Court grant Plaintiffs leave to file their proposed Second Amended Complaint for Damages because justice so requires (attached as Exhibit C). Plaintiffs have filed contemporaneously a Motion for Leave with the Court. Plaintiffs proceed in good faith, as not caused undue delay, do not possess a dilatory motive, and filing an amended complaint will in no way prejudice the Defendants.

### III. Conclusion

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' Joint Motion to Dismiss Defendants ALF, ALS and ALLV, or in the alternative, grant Plaintiff leave to file their Second Amended Complaint for Damages.

Respectfully submitted,

**HOLLINGSHEAD, PAULUS, ECCHER & FRY**

By: /s/ Brittany C. Mehl
Ryan M. Paulus    MO Bar 59712
E-Mail: r.paulus@hpeflaw.com
Brittany C. Mehl    MO Bar 67334
E-Mail: b.mehl@hpeflaw.com
8350 North St. Clair Avenue, Suite 225
Kansas City, Missouri 64151
Telephone    (816) 581-4040
Facsimile    (816) 741-8889
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2016, a true and correct copy of the foregoing, along with a copy of this Certificate of Service, was served by electronic filing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Case Linden P.C.
Kevin D. Case
kevin.case@caselinden.com
Patric S. Linden
patric.linden@caselinden.com
David V. Cascio
david.cascio@caselinden.com
Cory R. Buck
cory.buck@caselinden.com
Case Linden P.C.
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Telephone    (816) 979-1500
Facsimile    (816- 979-1501
ATTORNEYS FOR DEFENDANTS

/s/ Brittany C. Mehl
**ATTORNEY FOR PLAINTIFFS**