# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| **MICHAEL BAKER, et al.,** | |
| **Plaintiffs,** | **Case No. 4:16-cv-00447-RK** |
| **v.** | |
| **ANYTIME LABOR-KANSAS, LLC,** <br> **d/b/a LABORMAX STAFFING, et al.,** | |
| **Defendants.** | |

## REPLY SUGGESTIONS OF DEFENDANTS IN SUPPORT OF THEIR JOINT MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY THIS MATTER

In these Reply Suggestions, Defendants Anytime Labor-Kansas LLC ("AL-K"), Anytime Labor-Funding, LLC ("AL-F"), Anytime Labor-Springfield, LLC ("AL-S"), and Anytime Labor-Las Vegas, LLC ("AL-LV") (collectively, "Defendants") will jointly demonstrate why the Court should grant their Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay This Matter.

## I.      Introduction.

Defendants filed the present Motion on September 22, 2016.  Per W.D. Mo. Local Rule 7.0, Plaintiffs had 14 days to file a response, so the deadline was September 5, 2016. Interestingly, Plaintiffs did not respond until September 9, 2016, and they did not seek leave from opposing counsel or the court to file their response out of time.

In their response, Plaintiffs are attempting to avoid arbitration by arguing that the arbitration agreement is not enforceable, but this argument must fail.  It is important to note that

Plaintiffs conceded that Kansas has the most significant relationship to the contract formation, and therefore Kansas law applies to determine the enforceability of the arbitration agreement contained in the employment application. Plaintiffs' attack the arbitration agreement on the basis that it is unsupported by consideration, even though clear value was exchanged between Plaintiffs and Plaintiffs' employer, Defendant AL-K. Plaintiffs submitted to AL-K their application for employment, which contained the arbitration provision, and Defendant AL-K, in exchange, considered Plaintiffs for employment and ultimately hired them as employees.

Plaintiffs also argue that the arbitration agreement is unenforceable because it lacks mutuality of obligation. However, Kansas law clearly sets forth that mutuality is not needed when consideration is otherwise present to support the contractual obligation. Therefore, because consideration is present, this argument of Plaintiffs fails. Next, Plaintiffs argue that the employment contract is unconscionable, but they have presented no evidence that any of the numerous factors Kansas courts consider to determine unconscionability are present. Finally, Plaintiffs are arguing that class arbitration can be ordered despite the U.S. Supreme Court's clear mandate to the contrary. Consequently, this Court should grant Defendants' Motion, stay this matter, and compel arbitration of Plaintiffs' claims on an individual basis.

II.     **Argument.**

A.      **The Arbitration Agreement Is Enforceable Because It Was Supported by Sufficient Consideration.**

In their Motion, Defendants cited to *White v. Four B. Corp.*, No. 11-2416-JWL, 2011 WL 4688843 (D. Kan. Oct. 5, 2011) to support their argument that the arbitration agreement in the employment contract was supported by sufficient consideration. Plaintiffs contend that this argument is unpersuasive because Defendants have failed to point to any controlling Kansas case

2

law construing an arbitration agreement in the employment context. (Doc. 29, p. 2-3). This conclusion is illogical. The court in *White* was obligated to apply Kansas state law to the issue of the contract's enforceability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996) (stating that the court will apply state law principles in determining whether there is an enforceable arbitration agreement). As such, the District of Kansas' holding interpreting Kansas law is persuasive authority even (and especially) in the absence of on-point Kansas precedent.

In *White*, the U.S. District Court for the District of Kansas concluded that an employer's consideration of the applicant for employment in exchange for the submission of an employment application constitutes sufficient consideration to enforce the arbitration provision in the employment application. *See also White*, No. 11-2416-JWL, 2011 WL 4688843, (*citing Hadnot v. Bay, Ltd.,* 344 F.3d 474, 477 (5th Cir. 2003) (consideration was the combination of plaintiff's application for employment and employer's responding acceptance of application and offer of employment). This conclusion is consistent with that taken by other Districts. *See, e.g.*, *Ramos v. Air Liquide,* 2011 WL 1253266, at *5–6 (D. N.J. Mar. 28, 2011) (arbitration agreement contained in employment application enforceable); *Hughes v. Wet Seal Retail, Inc.,* 2010 WL 4750216, at *3 (W.D. Ark. Nov. 16, 2010) (same); *Parrish v. Valero Retail Holdings, Inc.* 727 F. Supp. 2d 1266, 1277–78 (D. N.M. 2010) (consideration for arbitration agreement in job application "was the offer of employment"); *Carman v. Wachovia Capital Markets, LLC,* 2009 WL 248680, at *2 (E.D. Mo. Feb. 2, 2009) (in exchange for applicant's agreement to arbitrate, employer agreed to consider application). The court in *White* was obligated to apply Kansas state law to the issue of the contract's enforceability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996) (stating that the court will apply state law principles in determining whether there is an enforceable arbitration agreement)

3

Case 4:16-cv-00447-RK   Document 33   Filed 10/07/16   Page 3 of 11

Here, not only did Defendant AL-K consider Plaintiffs for employment in exchange for the Plaintiffs' submission of their employment application, but they hired Plaintiffs as employees. Plaintiffs cannot legitimately argue that they were not given something of value in exchange for their agreement to arbitrate claims arising from their employment. They were considered for, and ultimately given, a job with Defendant AL-Kansas, which, as clearly set forth in under Kansas law, constitutes sufficient consideration to bind Plaintiffs to their agreement to arbitrate claims arising from their employment.

**B.    Because the Arbitration Agreement Is Supported by Consideration, Whether AL-K Was Equally Bound to Comply With the Arbitration Agreement Is Immaterial.**

Plaintiffs cite to *Durkin v. Cigna Property & Cas. Corp.*, 942 F. Supp. 481, 488 (D. Kan. 1996) in support of their argument that the arbitration agreement is unenforceable because it lacked mutuality, i.e., the employer, AL-K, was not bound by the arbitration agreement. (Doc. 29 page 3). Plaintiffs misrepresent the holding in *Durkin*. In *Durkin*, the court simply concluded that mutuality existed because both the employer and employee were bound to submit employment disputes to arbitration. *Id.* at 488. The court did not hold that mutuality is a necessary prerequisite to finding that sufficient consideration exists or that an arbitration agreement is unenforceable absent mutuality. *See id.* Thus, the court's holding is consistent with the holding in *White*, which sets forth that mutuality is not necessary provided that the requirement of consideration is otherwise met. Again, here, consideration is present because Defendant AL-K, in exchange for the Plaintiffs' submission of their employment application and agreement to arbitrate claims, considered Plaintiffs for employment and ultimately hired them.

Though it is not disputed that Kansas law, rather than Missouri law, controls the determination of whether the arbitration agreement is enforceable, Plaintiffs nevertheless attempt to convince this Court to apply Missouri law. However, none of the Missouri state court cases cited by Plaintiffs are applicable to the facts of the present case. None of the Missouri cases pertain to an application for employment containing an arbitration provision. Rather, they all pertain to arbitration agreements that were implemented sometime after the employee's employment commenced. The employers in those cases had already considered the plaintiffs' applications and hired them before an arbitration agreement was even contemplated. *See Whitworth v. McBride & Son Homes Inc.*, 344 S.W. 3d 730, 741 (Mo. App. W.D. 2011) (the employee handbook containing arbitration agreement was entered into after the plaintiff already signed the employment contract); *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 26 (Mo. App W.D. 2008) (employer program containing mandatory arbitration provision implemented after the plaintiff's employment commenced); *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 437 (Mo. App. W.D. 2010) (employee handbook, which contained arbitration agreement, adopted by employer after the plaintiff began employment). In the present case, the Plaintiffs agreed to arbitration prior to Defendant AL-Kansas considering Plaintiffs' employment applications and ultimately hiring the Plaintiffs. Therefore, sufficient consideration exists to render the contract enforceable.

More importantly, even if Missouri law did apply and the Missouri cases cited by Plaintiffs were on point, both of which are false, the Missouri cases conflict with the clear mandate of the FAA. The Missouri cases stand for the proposition that an arbitration agreement lacks consideration and is thus unenforceable if the agreement lacks mutuality and lacks other consideration. *See, e.g., Frye*, 321 S.W.3d 429 (stating that "[a] promise is not good

5

consideration unless there is a mutuality of obligation. . .").  However, federal courts have made

it clear that a requirement that an arbitration agreement have mutuality (where other

consideration exists) would be preempted by the FAA.  *See Soto v. State Indus. Prods., Inc.*, 642

F.3d 67, 76-77 (1st Cir. 2011) (to the extent Puerto Rico imposed mutuality requirement for

arbitration clauses, FAA would preempt that requirement); *Southeastern Stud & Components,*

*Inc. v. American Eagle*, 588 F.3d 963, 966-67 (8th Cir. 2009) (Arkansas law requiring mutuality

of obligation within arbitration agreement even if sufficient mutuality within the rest of the

contract was preempted by the FAA; proper conclusion was that mutuality of obligation not

required for arbitration clauses so long as contract as a whole is supported by consideration). It is

also contradictory to Kansas law. *See Commercial Asphalt, Inc. v. Smith,* 196 Kan. 164, 167

(1966) (any reasonable consideration will be sufficient to protect a contract against an attack of

lack of mutuality); *accord Restatement (Second) of Contracts* § 79(c) (1981) (lack of mutuality

of obligation disfavored as a defense; lack of mutuality does not of itself render a contract invalid

unless it amounts to a lack of consideration) (when consideration is otherwise present, no

requirement of mutuality of obligation).  Therefore, Missouri and Kansas case law requiring a

mutual promise to arbitrate even where other forms of consideration are present is inapplicable

and should not be considered by this Court.


      **C.**      **Plaintiffs Have Not Met Their Burden in Showing that the Contract Is Unconscionable.**

The burden of establishing unconscionability is on the party attacking the contract.

*Adams,* 13 Kan. App. 2d at 492. Plaintiffs have failed to demonstrate that the employment

contract is unconscionable.  Under Kansas law, "a party who freely enters a contract is bound by

it even though it was unwise or disadvantageous to the party, so long as the contract is not unconscionable." *Moler v. Melzer,* 24 Kan.App.2d 76, 77 (1997).

Mere inequality of bargaining power is insufficient to render a contract unconscionable. *Aves ex rel. Aves v. Shah,* 258 Kan. 506, 520 (1995); *Frets v. Capitol Fed. Sav. & Loan Ass'n,* 238 Kan. 614, 623 (1986); *Wille v. Southwestern Bell Tel. Co.,* 219 Kan. 755, 759 (1976). Though Plaintiffs set forth numerous factors courts consider in determining unconscionability (Doc. 29, p. 5-6), they left out one important element. In addition to the factors set forth by Plaintiffs, Kansas courts have held that "there must be additional factors such as deceptive bargaining conduct ... to render the contract ... unconscionable." *Wille,* 219 Kan. at 759. Here, even if AL-K may have had superior bargaining strength and if it presented its employment application, including the arbitration clause, to Plaintiffs on a take-it-or-leave-it basis, there is no element of deception. Nor do Plaintiffs argue deception. The arbitration provision is written in plain language, without confusing terms, and the agreement to arbitrate is adjacent to the place for the applicant's signature. *See, e.g., Frets,* 238 Kan. at 622 (finding no unconscionability where, among other things, the relevant provision was "not buried in a mass of fine print"); *Wille,* 219 Kan. at 763–64 (same, where terms and conditions were set out in "clearly legible type" and were "not couched in confusing terms"). Plaintiffs do not contend that they did not have the opportunity to review the provisions of the employment application and, of course, Plaintiffs were not required to submit an application with Defendant AL-K if they did not wish to be bound by the arbitration provision. Plaintiffs point to no evidence that AL-K was the only employer with which Plaintiffs could obtain a job. *Adams,* 13 Kan. App. 2d at 492 (stating that the burden of establishing unconscionability is on the party attacking the contract). Moreover, there is no allegation that Plaintiffs ever asked, or were somehow discouraged from asking,

Defendant AL-K to explain the arbitration provision in any way or that Defendant's alleged failures in this regard prejudiced Plaintiffs in any way. *See Perry v. NorthCentral University, Inc.,* 2011 WL 4356499, at *5–6 (D. Ariz. Sept. 19, 2011) (arbitration provision not unconscionable even though employer did not explain provision to plaintiff). In short, there is simply no allegation or evidence that any of the Defendants attempted to deceive Plaintiffs about the existence or substance of the arbitration provision. Accordingly, Plaintiffs have not demonstrated that the arbitration agreement in the employment application should not be enforced on the basis of unconscionability.

Plaintiffs also argue that the contract is unconscionable because it supposedly exploits the underprivileged and uneducated. (Doc. 29, p. 7). However, Plaintiffs have not demonstrated that Plaintiffs are "underprivileged or uneducated. To the contrary, the affidavits submitted by Plaintiffs state that they are over the age of eighteen years old and have a high school education. There is simply no evidence that they were unable to read the terms of their employment or, at the least, were unable to seek guidance of others as to the meaning and implication of those terms. There is no legal authority holding that a lack of a college education renders an individual underprivileged, unsophisticated, uneducated, or illiterate, let alone incompetent or unequipped to enter into an agreement to arbitrate.

> **D.    Pursuant to the U.S. Supreme Court's Mandate, Defendants Are Not Required to Submit to Class Arbitration Because the Arbitration Agreement Did Not Require Them to Do So.**

Plaintiffs argue that "[b]ecause the [arbitration] agreement is silent with regard to class and collective actions, it would be unjust and unreasonable to apply the agreement to Plaintiffs decision to bring and or join a class or collective action lawsuit." (Doc 29 page 8). This

8

statement defies the U.S. Supreme Court's mandate that a party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 684 (2010). An implicit agreement to authorize class-action arbitration may not be inferred solely from the fact that an agreement to arbitrate exists. *Id.* The Court in *AT&T Mobility LLC v. Conception*, explained the policy reasons for this rule, which Defendants have previously set forth in their Motion and suggestions in support. 563 U.S. 333, 348 (2011). Plaintiffs assert that, because these policy reasons are not applicable to the present case, that the Court should compel class arbitration. Plaintiffs misinterpret *AT&T Mobility*. The Court's **reasons** for adopting the rule that bars ordering class arbitration unless the parties have agreed to class arbitration are not **elements** a Defendant must establish the existence of in order to avoid class arbitration. Moreover, nothing in *AT&T Mobility* limits its holding to the context of consumer claims. Rather, *AT&T Mobility* was applying a doctrine which originally arose outside the consumer context. *AT&T Mobility*, 563 U.S. at 347-48.

Here, it is undisputed that the arbitration agreements the Plaintiffs' entered into are silent on the issue of class arbitration. (Doc. 14-2 to 14-6, Defendants' Exhibits 1(A)-1(E), Arbitration Agreements of Hanks, Potter, Baker, and Adams.) Though Plaintiffs agreed to arbitrate issues related to their employment, including claims of discrimination, there is no provision mandating class arbitration or reflecting any consent to arbitration on a class basis. *Id.* As succinctly set forth by the U.S. Supreme Court, an implicit agreement to arbitrate may not be inferred simply because an arbitration agreement exists. *See Stolt*-Nielsen, 559 U.S. at 684. Therefore, this Court should compel arbitration on an individual basis.

## III.   Conclusion.

For these reasons, the Court should grant Defendants' Motion and order each of the Plaintiffs to submit their individual claims to arbitration.

Wherefore, Defendants Anytime Labor-Kansas LLC, Anytime Labor-Funding, LLC, Anytime Labor-Springfield, LLC, and Anytime Labor-Las Vegas, LLC respectfully request that the Court grant their Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay This Matter and grant such other relief as Defendants may show they are entitled and the Court deems to be reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**

s/ Patric S. Linden
Kevin D. Case, MO 41491; KS 14570
Patric S. Linden, MO 49551; KS 18305
David V. Cascio, MO 62788; KS 25012
Cory R. Buck, MO 67702; KS 25969
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:   (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
patric.linden@caselinden.com
david.cascio@caselinden.com
cory.buck@caselinden.com
Attorneys for Defendants

**Certificate of Service**

       I hereby certify that on October 7, 2016, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ryan M. Paulus
Brittany C. Mehl
Hollingshead, Paulus, Eccher, & Fry
8350 North St. Clair Avenue, Suite 225
Kansas City, MO  64151
Attorneys for Plaintiffs


                                             s/ Patric S. Linden
                                             Patric S. Linden